IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                   **No. CR 10-1817 RB**

**KEVIN MAURICE BROOKS and**
**STEPHANIE ANN LANDON,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant Landon's Motion to Dismiss Count 2 (Doc. 60), filed August 30, 2010. The Court held a hearing on this motion on September 23, 2010. Having considered the arguments of counsel, relevant law, and being otherwise fully advised, the Court denies this motion.

**I.**    **Background.**

The Second Superseding Indictment charges Kevin Maurice Brooks and Stephanie Ann Landon with crimes that allegedly occurred on September 27, 2009. Count 1 charges Mr. Brooks and Ms. Landon with attempted carjacking, in violation of 18 U.S.C. § 2119; and aiding and abetting, in violation of 18 U.S.C. § 2. Count 2 charges Mr. Brooks and Ms. Landon with use of a firearm during the attempted carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and aiding and abetting, in violation of 18 U.S.C. § 2. Count 3 charges Mr. Brooks with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).

**II.**    **Discussion.**

Ms. Landon moves to dismiss Count 2 on the ground that Ms. Landon neither used nor possessed the firearm during the alleged carjacking. If the Court allows the charge to stand, Ms. Landon contends that the United States should be required to prove that she had some connection with the use of the weapon.

Tenth Circuit law holds that "a defendant is liable of aiding and abetting the use of a firearm during a crime of violence if [she] (1) knows [her] cohort used a firearm in the underlying crime, and (2) knowingly and actively participates in that underlying crime." *United States v. Bowen*, 527 F.3d 1065, 1078 (10th Cir. 2008); *United States v. Vallejos*, 421 F.3d 1119, 1125 (10th Cir. 2005); *United States v. Wiseman*, 172 F.3d 1196, 1217 (10th Cir. 1999).

In *Bowen*, the Tenth Circuit recognized that other circuits require the government to "prove not only (1) that an aider and abetter have knowledge that a cohort used a firearm in a crime of violence, but also that [she] (2) intentionally take some action to facilitate or encourage the use of the firearm." *Bowen*, 527 F.3d 1079. While the law may differ in other circuits, the Tenth Circuit does not require that a defendant's participation in the underlying crime directly facilitate the use of a firearm. *Id*.

At the hearing, counsel for Ms. Landon all but conceded that the current state of Tenth Circuit law dictates that the motion be denied. Given the binding precedent, the Court's hands are tied. While Ms. Landon may argue this point on appeal, this Court is bound to follow Tenth Circuit law as it now stands.

In this case, the United States alleges that Ms. Landon instructed Mr. Brooks to kill the victims, and to hurry up so they could "get the fuck out of [t]here" and leave in the victims' car. If proven, these facts would satisfy the elements of the crime under Tenth Circuit law. Accordingly, Ms. Landon's Motion to Dismiss Count 2 is denied.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**