**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                       **No. CR 10-1817 RB**

**KEVIN MAURICE BROOKS and
STEPHANIE ANN LANDON,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Landon's Motion for Severance of Trial From Trial of Co-Defendant Brooks (Doc. 59), filed August 30, 2010; and Defendant Brooks' Motion to Sever (Doc. 63), filed September 7, 2010. The Court heard arguments on September 23, 2010. Having considered the arguments of counsel, relevant law, and being otherwise fully advised, the Court denies these motions.

**I.**    **Background.**

The Second Superseding Indictment charges Kevin Maurice Brooks and Stephanie Ann Landon with crimes that allegedly occurred on September 27, 2009. Count 1 charges Mr. Brooks and Ms. Landon with attempted carjacking, in violation of 18 U.S.C. § 2119; and aiding and abetting, in violation of 18 U.S.C. § 2. Count 2 charges Mr. Brooks and Ms. Landon with use of a firearm during the attempted carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and aiding and abetting, in violation of 18 U.S.C. § 2. Count 3 charges Mr. Brooks with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).

As grounds for her motion to sever, Ms. Landon relies on (1) the likelihood of mutually antagonistic defenses and (2) the spillover of negative evidence relating to Mr. Brooks. Ms. Landon

requests the opportunity to present the specifics of her defense to the Court *ex parte* and *in camera*. As grounds for his motion to sever, Mr. Brooks relies on the likelihood of antagonistic defenses. Based on his review of Ms. Landon's motion, including her request to present her defense *ex parte* and *in camera*, Mr. Brooks believes that the defenses of both co-defendants will be sufficiently antagonistic to warrant a severance.

**II.     Discussion.**

      **A.     Ms. Landon's request to present her defense *ex parte* and *in camera*.**

Ms. Landon cites no authority for her request to present her defense *ex parte* and *in camera*. Research has not revealed any supportive authority. Rule 14(a)[1] does not authorize such an approach. Fed. R. Crim. P. 14(a)  At least one district court rejected a similar request in *United States v. Isch*, 2009 WL 2409031 (W.D. Okla. Aug 03, 2009) (DiGuisti, J.). The practice would give Ms. Landon an unfair advantage over the United States and Mr. Brooks by allowing her to present the merits of her defense to the Court *ex parte*. In that Ms. Landon has offered neither legal authority, nor practical justification, for her request to present her defense *ex parte* and *in camera*, such request is denied.

      **B.     Defendants are properly joined within the meaning of Fed. R. Crim. P. 8(b).**

"The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Supreme Court has instructed federal courts to interpret the requirements of Rule 8(b) liberally in favor of joinder. *Zafiro v. United States*, 506 U.S. 534,

---

[1] Rule 14(b) allows the Court to order the government to deliver to the Court for in camera inspection any defendant's statement that the government intends to use as evidence. Fed. R. Crim. P. 14(b). While Rule 14(b) refers to in camera review, it does not authorize a defendant to present her defense to the Court *in camera* and *ex parte*.

537 (1993).

Rule 8(b) is designed to promote judicial economy and efficiency and to avoid a multiplicity of trials, but only so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial. *Zafiro*, 506 U.S. at 540. The Tenth Circuit has held that "[t]he test for proper joinder is a common thread to each of the defendants, which may be established by common evidence as to various counts." *United States v. Caldwell*, 560 F.3d 1202, 1212 (10th Cir. 2009).

All of the charges relate to one incident, namely Defendants' attempt to take the victims' car by threat, intimidation, and force. The facts alleged in the Second Superseding Indictment indicate that the evidence against Mr. Brooks and Ms. Landon will substantially overlap. The alleged incident arises from the same course of conduct, by the same two perpetrators, during the early morning of September 27, 2009. In that the allegations are sufficient for the evidence to form a common thread to both Mr. Brooks and Ms. Landon, joinder is legally appropriate under Rule 8(b).

### C.     Separate trials are not warranted.

Even where defendants are properly joined, the trial court may nevertheless grant severance under Rule 14, if joinder would prejudice one of the parties. *See* Fed. R. Crim. P. 14. According to Rule 14, if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the Government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"There is a preference in the federal system for joint trials of defendants who are indicted together" because joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537 (internal quotation omitted). If defendants have been properly joined in the same indictment, "a district court should grant a

severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

"In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials." *United States v. Small*, 423 F.3d 1164, 1181 (10th Cir. 2005) (citation omitted). A district court should grant severance only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Sarracino*, 340 F.3d 1148, 1165 (10th Cir. 2003) (*quoting Zafiro*, 506 U.S. at 539). "[T]he decision to grant severance under Rule 14 rests within the discretion of the district court and the burden . . . to show an abuse of discretion in this context is a difficult one." *United States v. Olsen*, 519 F.3d 1096, 1102 (10th Cir. 2008) (internal quotation omitted).

In support of her request for severance, Ms. Landon asserts that her defense and the defense of Mr. Brooks will be mutually antagonistic. At the hearing, Ms. Landon indicated that her defense at trial will be that she was influenced by, and afraid of, Mr. Brooks during the commission of the alleged crimes. While Mr. Brooks believes that the defenses will be sufficiently antagonistic so as to warrant separate trials, he has not elucidated the nature of his anticipated defense, if any.

A three-step inquiry applies when a court considers whether to grant a severance due to defenses that are purportedly mutually antagonistic. *United States v. Jones*, 530 F.3d 1292, 1304 (10th Cir. 2008). First, the Court inquires whether the two defenses are so antagonistic that they are mutually exclusive. *Id.* Second, because "mutually antagonistic defenses are not prejudicial per se," the court must consider whether there is "a serious risk that a joint trial would compromise a specific

trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (*quoting Zafiro*, 506 U.S. at 539). Third, if a defendant shows that his or her case satisfies the first two factors, the trial court must "weigh the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *Jones*, 530 F.3d at 1304 (*quoting United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007)).

With respect to the first prong, severance is not warranted "merely because defense theories conflict or because one defendant is attempting to cast blame on the other." *United States v. Dirden*, 38 F.3d 1131, 1141 (10th Cir. 1994). The conflict between the defenses "must be such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *United States v. Dazey*, 403 F.3d 1147, 1165 (10th Cir. 2005) (internal quotation marks omitted).

At the hearing, Ms. Landon indicated that there was significant disagreement as to her role in the incident and the extent she was influenced by and was afraid of Mr. Brooks. This does not show that the defenses are irreconcilable. Even if the jury believed that Ms. Landon was intimidated by Mr. Brooks, such a finding would not would not necessarily result in his conviction. Ms. Landon's description of her anticipated defense precludes a conclusion that the defenses are mutually antagonistic. Additionally, neither defendant has identified a specific trial right that is threatened by a joint trial. Simply put, Defendants have not shown that the trial should be severed based upon mutually antagonistic defenses.

As a second ground in support of her motion for a separate trial, Ms. Landon contends that negative evidence concerning Mr. Brooks will spillover to the jury's consideration of the evidence against her. A defendant's burden to obtain severance is not satisfied based solely on a risk of guilt by association. *See Small*, 423 F.3d at 1182. The Tenth Circuit has stated that "neither a mere

allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the spillover effect from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance." *Id.*; *see also United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986). Rather, to show prejudice a defendant must show that "there is a serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. 534, 539.

In this case, while the levels of culpability of the co-defendants are not identical, neither does one eclipse the other. The allegations are that Ms. Landon and Mr. Brooks were both present and participated in the crimes. According to the government, Mr. Brooks held the victims at gunpoint while Ms. Landon packed the victims' car with the co-defendants' belongings. Additionally, it is alleged that, after she finished packing the car, Ms. Landon looked at the victims and said to Mr. Brooks "[y]ou know what, just shoot them," and, "[h]urry up" so they could "get the fuck out of [t]here" and leave in the victims' car. Thus, if these facts are proven at trial, they are sufficient to show that Ms. Landon participated in both the attempted carjacking and the use of the firearm during the carjacking.

Finally, Ms. Landon asserts that evidence of the Apache Junction incident (the subject of a separate motion in limine) would be inadmissible at her separate trial. If Ms. Landon tries to show she was coerced by Mr. Brooks, evidence of the Apache Junction incident might well be relevant to negate her defense. Even if the trials were severed, the evidence could be admissible at both trials. Simply put, the risk of spillover of the evidence does not warrant severance.

The evidence against both co-defendants is substantially the same. The considerations of governmental economy and efficiency, as well as the emotional toll on the victims, militate against

separate trials. Having weighed the expense and inconvenience of separate trials to the government and victims against the possibility of prejudice to the co-defendants that might result from a joint trial, the Court concludes that separate trials are not warranted in this case.

**THEREFORE,**

**IT IS ORDERED** that Defendant Landon's Motion for Severance of Trial From Trial of Co-Defendant Brooks (Doc. 59), filed August 30, 2010; and Defendant Brooks' Motion to Sever (Doc. 63), filed September 7, 2010, are **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**